**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4734

WILLIE BERRY HUDSON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-96-9)

Submitted: June 3, 1997

Decided: June 23, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE,
Roanoke, Virginia, for Appellant. Robert P. Crouch, United States
Attorney, Anthony P. Giorno, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Willie Berry Hudson, Jr., was convicted for his part in a scheme in which he enlisted the aid of a third party ("Staples") to purchase a firearm for his adult son ("Barry"), who was a convicted felon. On appeal, Hudson raises six issues: (1) whether his statements to ATF agents should have been suppressed because they were tainted by his illegal arrest; (2) whether his motion for judgment of acquittal should have been granted; (3) whether the district court erred by admitting previously undisclosed evidence and by allowing the ATF agent in charge to testify as an expert; (4) whether he was entitled to a mistrial; (5) whether the district court erred in instructing the jury; and (6) whether the Government improperly used a peremptory challenge against a black juror. Finding no reversible error, we affirm.

A federally licensed firearms dealer twice refused to sell a firearm to Hudson and Barry because they lacked proper identification.[1] They then offered Staples fifty dollars to purchase the firearm for them. However, when Staples attempted to purchase the weapon, the salesman ("Dillon") recognized Hudson and Barry and, suspecting a "straw purchase," refused the sale. Dillon immediately contacted law enforcement personnel and gave them a description of Staples and a description and license plate number for Hudson's car.

The Defendants then went to another firearms dealer ("On Target"), where Staples again attempted to purchase the weapon Barry wanted.[2] However, when the store manager ("Owens") contacted the State Police for authorization, he was informed that the transaction was not approved because the Bureau of Alcohol, Tobacco, & Fire-

_____

[1] Barry produced an out-of-state driver's license, and Hudson could not produce sufficient identification.
[2] Barry provided the funds to purchase the firearm.

2

arms ("BATF") suspected a straw purchase. Owens informed Staples that the sale was not approved yet and for Staples to return the next day. Staples put a deposit on the firearm and left. The next day, the Defendants returned to On Target, but Owens had left for the day, and the store owner, who had been briefed by BATF agents, told Staples that he would have to return the following day when Owens returned. Staples relayed this message to Hudson and Barry, who were waiting outside in the car. Barry became upset and told Staples to get his money back. The store owner informed Staples that he would have to return the following day to receive a refund from Owens.

Hudson and Staples returned the following day without Barry. Owens asked Staples if he wanted a refund or the firearm. Staples replied that he wanted the weapon and paid the remaining balance. BATF agents detained Staples as he attempted to leave the store, and they detained Hudson in the parking lot. Both men were informed of their rights, even though they were told they were not under arrest, and asked to accompany the agents to their office, where they were again advised of their rights and, after signing written waiver forms, provided incriminating statements.

We review the district court's ultimate suppression decision de novo, but the underlying factual decisions are reviewed for clear error. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Applying this standard, we find that even assuming his detention constituted a de facto arrest, the district court properly admitted Hudson's confession because BATF agents had probable cause to arrest him based on the information provided by Dillon and Owens and the Defendants' own actions. We further find that while agents may not have known about Barry's criminal record, there was ample evidence to support a probable cause determination that Staples was attempting an illegal straw purchase for one or more individuals who were not authorized to make the purchase themselves. Since Hudson's arrest was not illegal, we decline to address his assertion that the district court failed to apply the test set forth in Brown v. Illinois , 422 U.S. 590 (1975).

In reviewing the denial of a motion for judgment of acquittal, we will sustain the conviction if the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable

3

doubt, United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993), and we find the evidence here meets this requirement. Dillon, Owens, and the BATF agent in charge ("Fairburn") all provided testimony concerning the license status of the two stores. We find this testimony was sufficient to establish that both dealers were federally licensed at the time of the offenses. We further find that the evidence was sufficient to show that the Defendants knowingly made false statements or misrepresentations to federally licensed firearms dealers.

We review the district court's evidentiary decisions for abuse of discretion, and we find no such abuse here.**3** We find that Hudson was not prejudiced by the admission of a letter from the BATF to On Target because he had ample opportunity to address it during the trial. Likewise, we find that Hudson was not prejudiced by Fairburn's expert testimony. Defense counsel suggested that Fairburn testify on the interstate nexus issue and nothing in his testimony was a surprise.

We reject Hudson's claim that he was entitled to a mistrial after Fairburn stated that Hudson, Staples, and Barry provided sworn statements "confessing" to the offenses. On appeal, Hudson asserts that his confrontation rights under Bruton v. United States, 391 U.S. 123 (1968), were violated. We disagree. This court has previously held that a Bruton problem exists only where the non-testifying co-defendant's statement implicates the defendant. United States v. Locklear, 24 F.3d 641, 646 (4th Cir. 1994). In the present case, the only non-testifying co-defendant was Barry, and his statement was never offered into evidence. Therefore, the only potential Bruton problem concerns Fairburn's reference to Barry's statement. But the court immediately corrected Fairburn's misstatement to reflect that agents received only statements (not confessions) from the Defendants.

We review the district court's decision not to give an instruction for abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). The court's refusal to give a defense instruction "constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the

_____

**3** **See United States v. Hassan El** , 5 F.3d 726, 731 (4th Cir. 1993).

4

requested instruction seriously impaired the defendant's ability to conduct his defense." <u>United States v. Lewis</u>, 53 F.3d 29, 32 (4th Cir. 1995) (citations and internal quotation marks omitted). We find no reversible error in the present case.

Hudson's proposed instruction number four was substantially covered in the court's charge; only the proposed example was missing. Proposed instruction numbers eight and nine were properly refused because they were not correct. The identity of the intended recipient of the firearm was not an essential element of the offense; the offense only required proof that Staples misrepresented that he was the actual purchaser. Hudson's oral request for an instruction requiring the Government prove that Valley Guns and On Target were federally licensed at the time of the offense was substantially covered by the court's charge.

Finally, we reject Hudson's assertion that the district court erred in overruling his objection based on <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). The Government provided a race-neutral explanation for its peremptory challenges, and we find that the district court's factual determination accepting the Government's reasoning was supported by the record and not clearly erroneous.**4**

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**4** <u>**See United States v. Tindle**</u>, 860 F.2d 125, 129 (4th Cir. 1988).

5